Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR15-109JLR |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO LIMIT TRIBAL JUDGES' TESTIMONY |
| v. | |
| RAYMOND FRYBERG, JR., | |
| Defendant. | |

## INTRODUCTION

"Calling a judge to give testimony in any proceeding is a very delicate matter." United States v. Roth, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004) aff'd sub nom. United States v. St. John, 267 F. App'x 17 (2d Cir. 2008).  The United States has served trial subpoenas on two tribal judges with the Northwest Intertribal Court System, Judge Randy Steckel and Judge Randy Doucet.  After discussing the scope of their anticipated testimony with the United States Attorney's Office, Judges Steckel and Doucet move this

Page 1 – MOTION IN LIMINE

BURiFUNSTON
M U M F O R D
attorneys @ law

BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

Court to limit their testimony to two topics: (1) authenticating relevant Tulalip Tribal Court orders and (2) describing the standard procedures for deciding protection orders in Tribal Court.  The Judges should offer limited factual testimony.

Under no circumstances should the parties question the Judges on their mental processes in reaching their decisions or the underlying grounds for the orders.

**I.      Statement of Facts**

This matter is currently set for trial on September 21, 2015.  The United States Attorney's Office served trial subpoenas on Judge Randy Steckel and Judge Randy Doucet.  Both Judges work for the Northwest Intertribal Courts System and both entered orders regarding defendant Raymond Fryberg, Jr., in Tulalip Tribal Court.

Judge Steckel entered the initial protective order against defendant in 2002.  Judge Doucet quashed an arrest warrant for defendant and entered judgment and sentence against defendant in 2012 for violating the 2002 order.  The Tulalip Tribe, its court system, and Judges Steckel and Doucet are not parties to this lawsuit.

On September 15, 2015, counsel for Judges Steckel and Doucet met with the Assistant United States Attorneys in this case in a good faith effort to comply with the trial subpoenas.  The accompanying proposed Order in Limine is the result of those negotiations.

//

//

Page 2 – MOTION IN LIMINE



BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

# ARGUMENT

## II. Judges Should Not Be Witnesses

The Code of Conduct for United States Judges, Canon 2(B) states, "a judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge." This includes serving as a witness in any proceeding. Judges Steckel and Doucet do not appear in this matter voluntarily, and will testify only under subpoena. They object to being called as witnesses.

A party has no right to compel a judge to testify why he or she granted an order.

> [T]he overwhelming authority from the federal courts in this country, including the United States Supreme Court, makes it clear that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties. See e.g. United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); Fayerweather v. Ritch, 195 U.S. 276, 306–07, 25 S.Ct. 58, 49 L.Ed. 193 (1904); Grant v. Shalala, 989 F.2d 1332, 1344–45 (3d Cir.1993); Robinson v. Commissioner of Internal Revenue, 70 F.3d 34, 38 (5th Cir.1995). "Judges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." United States v. Cross, 516 F.Supp. 700, 707 (M.D.Ga.1981), aff'd, 742 F.2d 1279 (11th Cir.1984). In Morgan, the Supreme Court stated that allowing an examination of a judge's mental processes would be "destructive of judicial responsibility" and such scrutiny cannot be permitted. Morgan, 313 U.S. at 422, 61 S.Ct. 999.

United States v. Roth, 332 F.Supp.2d at 567. Neither the United States nor defendant Fryberg may question Judges Steckel and Doucet on the grounds for their decisions or

Page 3 – MOTION IN LIMINE



BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

why the ruled a particular way.  Any legal questions to the Judges would be improper and objectionable.

Despite these restrictions, under extremely limited circumstances, this Court may compel the Judges to present factual testimony.

> Judge Gordon possessed factual knowledge that was highly pertinent to the jury's task, and he was the only possible source of testimony on that knowledge. To say that the district court abused its discretion by admitting the testimony in these circumstances would be tantamount to announcing a rule that a judge may never testify in criminal proceedings, no matter how important his testimony or how well the delicacy of his being called is handled. The interests of justice would be served poorly indeed by such a rule, and we decline its adoption as the law of this circuit. So far as we are aware, no court has even come close to adopting such a position.

United States v. Frankenthal, 582 F.2d 1102, 1108 (7th Cir. 1978).

Citing Frankenthal, the Ross Court articulated a three-part test.

> [A] judge may only be required to testify if he (1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information.

Ross, 332 F.Supp.2d at 568.  Judges Steckel and Doucet request the Court to adopt the Ross standard in this case, and to compel their testimony only if it meets this test. Because they do not know the United States' case, its witnesses, or its evidence, Judges Steckel and Doucet express no opinion on whether they alone possess relevant factual information.  They will respond to the trial subpoenas and follow the orders of this Court.

//

//

Page 4 – MOTION IN LIMINE



**CONCLUSION**

Judges Randy Steckel and Randy Doucet respectfully move this Court to limit their testimony to authenticating relevant Tulalip Tribal Court documents and to the standard process for deciding protection orders in that Court.  If other witnesses provide that information at trial, there is no need for their testimony.  On the other hand, if no witness other than the Judges can testify to that, the Judges recognize this Court's authority to compel their testimony.

Respectfully submitted this 16th day of September, 2015,

BURI FUNSTON MUMFORD, PLLC

By  /s/  Philip Buri
Philip Buri, WSBA #17637
Attorney for Judges Randy Steckel and Randy Doucet
Philip@BuriFunston.com

Page 5 – MOTION IN LIMINE

BURiFUNSTON MUMFORD
attorneys @ law

BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502