The Honorable James L. Robart

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) CR-15-00109-JLR<br>) |
| Plaintiff, | ) |
| | ) TRIAL BRIEF OF RAYMOND LEE<br>) FRYBERG |
| vs. | ) |
| RAYMOND LEE FRYBERG, | )<br>) |
| Defendant. | )<br>) |
| ——————————————————— | ) |

Comes now the Defendant, Raymond Lee Fryberg, by and through his attorneys, John Henry Browne and Michael T. Lee, and submits the following Trial Brief to familiarize the Court with the factual background and legal issues of the case. The defendant hereby reserves the right to supplement this Trial Brief before and/or during the trial should any factual or legal issues arise that require additional briefing. Trial is currently set for September 21, 2015, at 1:30 PM.

## I. INTRODUCTION

Defendant Raymond Lee Fryberg is charged with six counts of unlawful possession of a firearm pursuant to Title 18, United States code, Section 922(g)(8). Mr. Fryberg denies the charges.

Defendant Fryberg's Trial Memorandum - PAGE 1

LAW OFFFICES OF JOHN HENRY BROWNE PS<br>108 SOUTH WASHINGTON STREET, SUITE 200<br>SEATTLE, WASHINGTON 98104<br>(206) 388-0777 • FAX: (206) 388-0780

## II.  FACTUAL BACKGROUND

The facts of this case are simple and straightforward. Mr. Fryberg is a member of the Tulalip Indian Tribe, a federally recognized tribe eligible to receive funding and services from the United States Bureau of Indian Affairs. Mr. Fryberg is married and has several children. On August 19, 2002, Mr. Fryberg's ex-girlfriend Jamie Gobin, who is the mother to one Mr. Fryberg's sons, filed a Petition in the Tulalip Tribal Court seeking an Order for protection against Mr. Fryberg. The Tribal Court issued a Temporary Protection Order on August 27, 2002, which was to be personally served on Mr. Fryberg. However, Mr. Fryberg was never served with the Temporary Protection Order nor was he served with Notice of the hearing where the Tribal judge was to rule on whether the court would impose a Permanent Protection Order (PTO).

On September 10, 2002, the Tulalip Tribal Court held a hearing without Mr. Fryberg's presence and the Court entered a PTO, having no expiration date. Although the PTO ostensibly was signed by the petitioner Jamie Gobin, the signature is not in her handwriting. Significantly, after the court entered the PTO, the original petitioner, Jamie Gobin, filed two subsequent motions supported by affidavits to dismiss the restraining order. In her motions and supporting affidavits, Ms. Gobin admitted she falsified the original petition for a protection order, asking the tribal court to "drop restraining order cause all allegations were false." She further stated, "All statements were not true. [Raymond Fryberg] never put his hands on me." "My mother and father talked me into getting the restraining order. I never wanted to lie to get it." These petitions and supporting affidavits were signed by the petitioner, in her actual handwriting.

On January 11, 2013, Mr. Fryberg completed an application for a Firearms Transaction Record in order to purchase a Mossberg 500 shotgun and a Beretta PX4 Storm handgun. A background check revealed Mr. Fryberg was not prohibited under State or Federal law from possessing firearms.  On January 14, 2013, Mr. Fryberg applied for a Concealed Weapons Permit. Notably, the process for obtaining a Concealed Weapons Permit in this State is authorized by RCW 9.41.065, which provides:

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON  98104
(206) 388-0777 • FAX: (206) 388-0780

(2)(a) The issuing authority shall conduct a check through the national instant criminal background check system, the Washington state patrol electronic database, the department of social and health services electronic database, and with other agencies or resources as appropriate, to determine whether the applicant is ineligible under RCW 9.41.040 or 9.41.045 to possess a firearm, **or is prohibited from possessing a firearm under federal law**, and therefore ineligible for a concealed pistol license.

RCW 9.41.065 (emphasis added).

On January 19, 2013, the Snohomish County Sheriff indicated to "proceed" on Mr. Fryberg's Firearms Transaction Record application.  On January 23, 2013, the Firearms Transaction Record application was approved and Mr. Fryberg received possession of Beretta handgun.   The background check process revealed no concerns about Mr. Fryberg or any prohibition against owning firearms.   On March 14, 2013, Mr. Fryberg applied for, purchased and received possession of a BFI Carbon – 15 hunting rifle.   On March 21, 2013, Mr. Fryberg applied for, purchased and received possession of a DPMS Model A-15 hunting rifle.   On July 31, 2014, Mr. Fryberg applied for, purchased and received possession of a Savage Arms hunting rifle.   At no time was Mr. Fryberg was flagged during the background checks with respect to his ability to lawfully own and possess firearms.   Moreover, Mr. Fryberg was stopped by Fish and Wildlife Game Wardens on several occasions while hunting.   The purpose of the Warden's stop was routine to verify hunting permits and determine whether Mr. Fryberg was prohibited from possessing a firearm.   The Warden ran a background check through his database, which showed Mr. Fryberg was <u>not</u> prohibited from possessing firearms.   Mr. Fryberg was never cited or issued a ticket for unlawful hunting. Given these facts, Mr. Fryberg clearly was not prohibited from owning or possessing firearms.

Defendant Fryberg's Trial Memorandum - PAGE 3

## III.  THE GOVERNMENT CANNOT PROVE ITS CASE.

To convict Mr. Fryberg of violating §922(g)(8), the government must prove with regard to each count, each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the specified firearm;

Second, the specified firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and

Third, at the time the defendant possessed the specified firearm, the defendant was subject to a court order that –

(A) was issued after a hearing of which the defendant received actual notice and at which defendant had an opportunity to participate; and

(B) the court order restrains the defendant from harassing, stalking, or threatening an intimate partner of the defendant or the child of the defendant of his intimate partner or engaging in other conduct that would place his intimate partner in reasonable fear of bodily injury to the partner or child; and

(C) includes a finding that the defendant represents a credible threat to the physical safety of his intimate partner or child; or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against his intimate partner or child that would reasonably be expected to cause bodily injury.

See 18 U.S.C. §922(g)(8) and Model Criminal Jury Instructions for the Ninth Circuit 8.65.

Although the government may be able to sustain its burden with regard to the first and second elements, it cannot prove the third element.

**A. The court order underlying the government's case was issued after a hearing in which Mr. Fryberg *never* received notice and had no opportunity to participate.**

The government alleges that Mr. Fryberg was subject to a court order of protection issued after a hearing held on September 10, 2002.  Mr. Fryberg denies ever receiving notice of this hearing.  In fact, Service of Process was factually impossible, as discussed below.  Without such notice, he had no opportunity to participate.

The government alleges in its trial memorandum that Tulalip Tribal Police Officer

Defendant Fryberg's Trial Memorandum - PAGE 4

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON  98104
(206) 388-0777 • FAX: (206) 388-0780

Jesus Echevarria served Mr. Fryberg on August 27, 2002 with a copy of a Temporary Order of Protection and Notice of Hearing for a hearing to be held on September 10, 2002. The service is alleged to have occurred at the "corner of Reuben Shelton Drive and Ellison James" in Tulalip, Washington.  Mr. Fryberg has never resided at the reported address.  Significantly, Reuben Shelton Drive and Ellison James run parallel to each other; therefore, Officer Echevarria certainly could not have served Mr. Fryberg at that address. Mr. Fryberg denies that any service took place.  He certainly denies ever being at the corner of Reuben Shelton Drive and Ellison James, which does not exist, and further denies ever being served at any time or at any place with a copy of any Temporary Order of Protection and/or Notice of Hearing for September 10, 2002.

The government apparently hopes to prove that this alleged service took place by introducing Government's [Proposed] Exhibit No. 3, a return of service for notice of hearing purportedly executed by Officer Echevarria. The government filed its witness list [ECF No. 35] on August 18, 2015, including the names of 23 separate witnesses.  Notably absent from the list is the name of Officer Echevarria.  Mr. Fryberg asserts, on information and belief, that this absence on the list is due to the fact that Officer Echevarria is deceased from an apparent drug overdose. In its trial memorandum, the government argues that the return of service is admissible as a public record under Federal Rule of Evidence 803(8)(A)(ii). The government is mistaken.  Curiously, the Government has also represented to the Court "proposed stipulations" that "records of the Tulalip Tribal Court are self-authenticating business records under Rules 803(3)(6) and 902 of the Federal Rules of Evidence."   Defense counsel, under no uncertain terms, explicitly told the Government Mr. Fryberg was not agreeable to the proposed stipulation.  This position was relayed to the Government well before it submitted its Trial Brief to the Court.

**B. The facially defective Return of Service is inadmissible hearsay and impinges directly upon Mr. Fryberg's confrontation rights as protected by the Sixth Amendment.**

*Crawford v. Washington* held that where testimonial evidence is at issue, the Sixth

Defendant Fryberg's Trial Memorandum - PAGE 5

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON  98104
(206) 388-0777 • FAX: (206) 388-0780

Amendment demands that a witness be unavailable and that the defendant have had a prior opportunity for cross-examination. 541 U.S. 36, 68 (2004). Although the Court in *Crawford* declined to set out the parameters of what constitutes a testimonial statement, there can no longer be any question but that Officer Echevarria's statement falls well within such a definition. As clearly articulated by the Court in *Bullcoming v. New Mexico*:

> To rank as "testimonial," a statement must have a "primary purpose" of "establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *Davis v. Washington,* 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). See also *Bryant*, 562 U.S., at ——, 131 S.Ct., at 1155. Elaborating on the purpose for which a "testimonial report" is created, we observed in *Melendez–Diaz* that business and public records "are generally admissible absent confrontation ... because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." 557 U.S., at ——, 129 S.Ct., at 2539–2540.

131 S. Ct. 2705, 2714 n.6 (2011).

The government is seeking to introduce the statement of Officer Echevarria for the sole and primary purpose of proving a past event (service of a Notice of Hearing) relevant to this criminal prosecution.  The very purpose of a return of service is to prove a past event.  As in *Bullcoming*, the statement that the government seeks to introduce is report containing a testimonial certification, made in order to prove a fact at a criminal trial. "As a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." *Id.* at 2713. Admitting Officer Echevarria's return of service would violate Mr. Fryberg's right to confrontation.

Nor is it even admissible as a public record pursuant to the rules of evidence. Although FRE 803 provides for the admissibility of certain documents as exceptions to the rule against hearsay, regardless of whether the declarant is available as a witness, subsection (8)(A)(ii) defines a public record as a record or statement of a public office if it sets out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel." This record seek to

Defendant Fryberg's Trial Memorandum - PAGE 6

Law Offices of John Henry Browne PS
108 South Washington Street, Suite 200
Seattle, Washington  98104
(206) 388-0777 • Fax: (206) 388-0780

prove, in a criminal case, "a matter observed by law-enforcement personnel."

Consequently, the Return of Service does not qualify as a public record under the Federal Rules of Evidence.

Each of the cases the government cites in its attempt to support the admissibility of this proposed exhibit was decided years before *Crawford.*  The government cites *United States v. Wilson*, 690 F.2d 1267 (9th Cir. 1982) for the proposition that the return of service qualifies as a public record under Rule 803(8)(A)(ii), but the court in *Wilson* held that a U.S. Marshal's prisoner deliver receipt qualified as a public record because it "had been signed by the director of [a federal halfway house] and was identified by her at trial. Thus, the document constitutes a public record or report admissible under Fed. R. Evid. 803(8), which was adequately authenticated by the testimony of the director at trial." *Id.* at 1275-76. In other words, the document was identified by the very person signing it. Such is not the case for Officer Echevarria's return of service.

The government next cites *United States v. Gilbert*, 774 F2.d 962 (9th Cir. 1985) in support of its position. The court in *Gilbert* held that a card bearing a notation that a fingerprint had been "lifted" by a criminologist employed by the Arizona Department of Public Safety did not fall "within the express exclusion of reports of matters observed by law enforcement personnel because "[t]he routine act of reporting a latent print on an object is no different from inventorying items seized; it is ministerial, objective, and nonevaluative." *Id.* at 965. More important than this distinction, however, is the fact that the *Gilbert* court based its determination that the admission of the report did not violate Gilbert's confrontation rights because it met the *Ohio v. Roberts*[1] test of reliability. As this court is undoubtedly aware, the *Roberts* reliability test is no longer the law of the land. *Roberts* having been overruled by *Crawford*, 541 U.S. at 63 ("The unpardonable vice of the *Roberts* test ... is ...its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude.")

This concern is echoed by the Advisory Committee note in FRE 803:

---

[1] 448 U.S. 56, 65 (1980).

Defendant Fryberg's Trial Memorandum - PAGE 7

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

The formulation of an approach which would give appropriate weight to all possible factors in every situation is an obvious impossibility. Hence the rule, as in Exception [paragraph] (6), *assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present*. In one respect, however, the rule with respect to evaluate reports under item (c) is very specific; they are *admissible only in civil cases and against the government in criminal cases in view of the almost certain collision with confrontation rights which would result from their use against the accused in a criminal case.* (Emphasis added).

The return of service Government [Proposed] Exhibit 3 is simply inadmissible pursuant to both the Confrontation Clause and the Federal Rules of Evidence.

## IV.  MOTIONS IN LIMINE

### A.     Motion to Exclude Interview on March 31, 2015, Under FRE 403

After Mr. Fryberg was arrested on March 31, 2015, he was interrogated by law enforcement for over an hour while in custody.  The basis for this motion to exclude is that 1) Mr. Fryberg never authorized the recording, and 2) the interrogation contains evidence that extremely prejudices Mr. Fryberg's chances to receive a fair trial.  To be sure, the interrogation contains numerous references to the Marysville-Pilchuck High School (MPHS) shooting.  The dangers of this evidence are outlined with significant detail in Mr. Fryberg's Sealed Motion to Change Venue. (Dkt. 43).

Under Rule 401 of the Federal Rules of Evidence, "relevant evidence" is defined as evidence that (a) has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. Evidence that is not relevant is inadmissible. FRE. 402. As discussed in Mr. Fryberg's Sealed Motion to Change Venue, even the mere fact that one of the firearms named in the Superseding Indictment was recovered from the MPHS crime scene has no probative value whatsoever to the issue of whether Mr. Fryberg was prohibited under Federal law from possessing firearms. The interrogation on March 31, 2015, makes direct reference to the Beretta, which was recovered from the MPHS crime scene.

Defendant Fryberg's Trial Memorandum - PAGE 8

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON  98104
(206) 388-0777 • FAX: (206) 388-0780

Federal Rule of Evidence 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Here, because the March 31, 2015 recorded interrogation is intertwined with references and comments about what had happened at MPHS, and the effects the tragedy has had on Mr. Fryberg and his family, the entire interview must be excluded from evidence. Allowing even the faintest hint that Mr. Fryberg's case is somehow tenuously connected to MPHS would irrevocably pervert the administration of justice and deny Mr. Fryberg his constitutional right to a fair and impartial jury. Allowing jurors to hear this interrogation will create a significant risk of inflaming emotion and prejudice against Mr. Fryberg.  Because the sole question at trial will be whether Mr. Fryberg was prohibited under Federal law for possessing firearms, the jury should be not be influenced by irrelevant, highly inflammatory information.

**B. Motion to Exclude Specific Information Contained in the Order of Protection**

The Government submitted in its Trial Brief the following information that should be excluded under FRE 401, 402 and 403.

> "The Order for Protection then listed a number of prohibitions and ordered the defendant as follows:
>
>> Respondent is RESTRAINED from causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking petitioner [and] the minor [A.G., Age 1]
>>
>> Respondent is RESTRAINED from interfering with petitioner's physical or legal custody of the minor [A.G., Age 1]
>
> The defendant was also restrained from having contact direct or indirect with Jamie Gobin and A.G., coming within 100 yards of their residence, place of employment or daycare or school, granted custody of A.G. to Jamie Gobin, and restrained the defendant from removing A.G. from the State."

Government's Trial Brief; 4: 15-25 (Dkt. 36)

Defendant Fryberg's Trial Memorandum - PAGE 9

LAW OFFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

The defense respectfully asks this Court to exclude the above-referenced information as irrelevant evidence that is significantly more prejudicial than probative to any issue of whether Mr. Fryberg was prohibited under Federal law from possessing firearms.  To be sure, the language "[A.G., Age 1]" was interjected by the Government and is not on the original Order for Protection.  The purpose of adding this language appears to be to inform the jury a one-year old child (who is now a teenager) was the protected target of this Order for Protection. The likely inference the jury will make is that Mr. Fryberg is a danger to children, which could not be further from the truth.  Likewise, the Government's reference that "Respondent is RESTRAINED from interfering with petitioner's physical or legal custody of the minor [A.G., Age 1]" has no relevancy to any issue in this case.  In the same vein, the Government's reference that Mr. Fryberg was restrained from having contact direct or indirect with Jamie Gobin or A.G., and further prohibited from "coming within 100 yards of their residence, place of employment or daycare or school, granted custody of A.G. to Jamie Gobin, and restrained the defendant from removing A.G. from the State" is unnecessary information that will distract jurors and cause speculation to whether Mr. Fryberg presented a risk of removing his minor son from the state. Simply put, this information is entirely irrelevant to any issue before the court. As such, the evidence should be excluded.

Mr. Fryberg's reserves the right to supplement this Trial Brief before and/or during the trial should any factual or legal issues arise that require additional briefing.

RESPECTFULLY SUBMITTED this 16th day of September, 2015.

s/ *John Henry Browne*
JOHN HENRY BROWNE, WSBA # 4677
MICHAEL T. LEE, WSBA # 44192
Attorneys for Raymond Lee Fryberg Jr.
108 South Washington Street, Suite 200
Seattle, Washington 98104
Ph: 206.388.0777
Fx: 206.388.0780
Email: johnhenry@jhblawyer.com
michael@jhblawyer.com

Defendant Fryberg's Trial Memorandum - PAGE 10

LAW OFFICES OF JOHN HENRY BROWNE PS
108 SOUTH WASHINGTON STREET, SUITE 200
SEATTLE, WASHINGTON  98104
(206) 388-0777 • FAX: (206) 388-0780

**CERTIFICATE OF SERVCE**

I HEREBY CERTIFY that on September 16, 2015, I electronically filed DEFENDANT'S TRIAL BRIEF using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant and the government.  I hereby certify that I have served any other parties of record that are non CM/ECF participants via Tele-fax/US postal mail.

Dated this 16th day of September, 2015.

*s/ Michael T. Lee*

MICHAEL T. LEE, WSBA # 44192
Attorney for Raymond Lee Fryberg, Jr.
108 South Washington Street, Suite 200
Seattle, Washington 98104
Ph: 206.388.0777
Fx: 206.388.0780
Email: michael@jhblawyer.com

Defendant Fryberg's Trial Memorandum - PAGE 11